CRAWFISH PROCESSORS ALLIANCE; LOUISIANA DEPARTMENT OF AGRICULTURE AND FORESTRY; BOB ODOM, COMMISSIONER, Plaintiffs, v. UNITED STATES, Defendant, and HONTEX ENTERPRISES, INC., d/b/a LOUISIANA PACKING COMPANY; QINGDAO RIRONG FOODSTUFF CO., LTD. and YANCHENG HAITENG AQUATIC PRODUCTS & FOODS CO., LTD; BO ASIA, INC., GRAND NOVA INTERNATIONAL, INC., PACIFIC COAST FISHERIES CORP., FUJIAN PELAGIC FISHERY GROUP CO., QINGDAO ZHENGRI SEAFOOD CO., LTD. and YANGCHENG YAOU SEAFOOD CO., Defendant-Intervenors and Plaintiffs.

Consol. Court No. 02–00376

*JUDGMENT*

TSOUCALAS, Senior Judge: This matter comes before the Court pursuant to the decision of the United States Court of Appeals for the Federal Circuit ("CAFC") in *Crawfish Processors Alliance v. United States* ("*Crawfish CAFC*"), 477 F.3d 1375 (Fed. Cir. 2007), and the CAFC mandate, dated April 20, 2007, reversing the judgment of the Court in *Crawfish Processors Alliance v. United States* ("*Crawfish CIT*"), 28 CIT 646, 343 F. Supp. 2d 1242 (2004). The only issue considered on appeal in *Crawfish CAFC* was whether Fujian Pelagic Fishery Group Co. ("Fujian") and Pacific Coast Fisheries Corp. ("Pacific Coast") are affiliated parties pursuant to 19 U.S.C. § 1677(33).

Section 1677(33)(E) provides that "[a]ny person directly or indirectly owning, controlling, or holding with power to vote, 5 percent or more of the outstanding voting stock or shares of any organization and such organization" constitutes affiliation. 19 U.S.C. § 1677(33)(E).

In April 2002, the International Trade Administration of the United States Department of Commerce ("Commerce") determined, *inter alia*, that Fujian and Pacific Coast are not affiliated parties pursuant to 19 U.S.C. § 1677(33). *See Notice of Final Results of Antidumping Duty Administrative Review, and Final Partial Recission of Antidumping Duty Administrative Review of Freshwater Crawfish Tail Meat from the People's Republic of China* ("*Final Results*"), 67 Fed. Reg. 19,546 (Apr. 22, 2002).

In *Crawfish CIT*, this Court found that "Fujian had not made an investment, whether in cash or in the form of a promissory note, in

Pacific Coast and that Fujian did not exercise control over Pacific Coast." 28 CIT at 675, 343 F. Supp. 2d at 1269. Accordingly, this Court sustained Commerce's determination that the two entities are not affiliated. *Id.*

On appeal, the CAFC, holding that 19 U.S.C. § 1677(33)(E) "does not require a transfer of cash or merchandise to prove ownership or control of an organization's shares," found that Fujian put forth sufficient evidence to demonstrate that it directly or indirectly owned and controlled at least 5% of Pacific Coast's shares. *Crawfish CAFC*, 477 F.3d at 1384. The CAFC thus determined that substantial evidence did not support Commerce's determination that Fujian and Pacific Coast are not affiliated and reversed the decision of this Court in *Crawfish CIT*. *See id.*

Accordingly, pursuant to said decision and mandate by theCAFC, it is hereby

ORDERED that this Court's Opinion and Judgment in *Crawfish CIT*, sustaining Commerce's determination that Fujian and Pacific-Coast are not affiliated pursuant to 19 U.S.C. § 1677(33), arevacated; and it is further

ORDERED that the *Final Results* are remanded to Commerce to recalculate the dumping margin treating Fujian and Pacific Coast asaffiliated parties in compliance with the CAFC's decision andmandate; and it is further

ORDERED that the remand results are due within ninety (90)days of the date that this opinion is entered. Any responses orcomments are due within thirty (30) days thereafter. Any rebuttalcomments are due within fifteen (15) days after the date theresponses or comments are due.